UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | | |
|---|---|---|
| JESUS B. TORRES, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:13-cv-00363-GMN-NJK |
| | ) | |
| vs. | ) | |
| | ) | |
| DEUTSCHE BANK SG, LOOP CAPITAL MARKETS, LLP, AND WELLS FARGO BANK, | ) ) ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendant Loop Capital Markets LLC's Motion to Quash Service and Dismiss the Complaint (#10). The Court has considered the Defendant's Motion (#10), the Plaintiff's Response (#14), and the Defendant's Reply (#15).

## **BACKGROUND**

On January 23, 2012, Plaintiff Jesus B. Torres proceeding *pro se* filed a complaint in the District Court for Clark County, Nevada. The Complaint challenges the foreclosure of real property located at 2432 North Gateway Road #C, Las Vegas, NV, 89115. On March 5, 2013, the case was removed to the United States District Court for the District of Nevada.[1] On March 26, 2013, Defendant Loop Capital filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) or, alternatively, to quash service based on Plaintiff's alleged failure to comply with state and federal rules of service of process. Plaintiff filed an opposition to the motion on April 9, 2013. Loop Capital filed a notice of non-opposition and reply on April 18, 2013.

---

[1] Defendant Wells Fargo Bank petitioned for removal; however, it had not yet been served in this case. WFB was not made aware of the case until January 31, 2013. Docket No. 1 at 2. Defendant Wells Fargo Bank filed its own Motion to Dismiss on March 21, 2013.

**DISCUSSION**

Defendant Loop Capital filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) or, alternatively, to quash service based on Plaintiff's alleged failure to comply with state and federal rules of service of process. The Plaintiff did not respond to this argument and accordingly, Loop Capital has filed a notice of non-opposition. Given the charge that courts broadly construe pleadings filed by pro se litigants and give such plaintiffs "the benefit of any doubt," *see e.g. Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (citation omitted), the Court declines to grant the motion for non-opposition as requested by Loop Capital. Nevertheless, although *pro se* pleadings are broadly construed, even *pro se* litigants must comply with the Federal Rules of Civil Procedure. *E.g. King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987); *see also Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Here, Loop Capital challenges the validity of the actual method or manner of service of process. A Rule 12(b)(5) motion is the proper vehicle for challenging the "insufficiency of service of process." See Fed. R. Civ. Pro. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.1988). Objections to the validity of service of process must be specific and must point out in what manner the plaintiff has failed to satisfy the requirements for proper service. *See O'Brien v. R.J. O'Brien & Assocs.*, 998 F.2d 1394, 1400 (7th Cir.1993). However, once service of process is properly challenged, "the party on whose behalf [service] is made must bear the burden of establishing its validity." *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981); *see Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004). While the court should indeed give the service requirements of Rule 4 a liberal and flexible construction, a district court also has broad discretion to either dismiss an action entirely for failure to effect service or to quash the defective service and permit re-service. *See Jones v. Automobile Club of Southern California*, 26 Fed.Appx. 740, 742 (9th Cir.2002); *see also e.g., SHJ v. Issaquah School District No. 411*, 470 F.3d 1288, 1293 (9th Cir.2006) *citing Stevens v. Security Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976) ("the choice between dismissal and

quashing service of process is in the district court's discretion.").

In this case, Loop Capital is a corporate entity and therefore, proper service should be in accordance with Fed.R.Civ.P. 4(h). Pursuant to Fed.R.Civ.P. 4(h), a corporation may be served either "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," or in the manner prescribed by the state law in which the district court is located. Under Nevada law, if the suit is against an entity formed under Nevada law or registered to do business in the state, service may be accomplished by serving "the registered agent thereof or if the entity ... is (i) a corporation, to any officer thereof...." NRCP 4(d)(1). Nevada law provides a separate means whereby service can be accomplished delivering a copy of the summons and complaint to the Nevada Secretary of State and providing the appropriate affidavit as set forth in NRCP 4(d)(1) if service cannot be effectuated on the registered agent or an officer of the corporate entity.[2]

Here, the Plaintiff mailed a copy of the Complaint to Loop Capital and took no further action. The Plaintiff did not personally serve the corporate agent nor any other specified corporate representative. Docket No. 10, at 2-3. While "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" (*United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir.1984)), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements (*Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir.1986)). Consequently, the Court finds that Plaintiff has not met his burden to demonstrate service was proper.

Nevertheless, the Court will exercise its discretion to quash service under Rule 12(b)(5) rather than dismiss the case. See e.g. *Patel-Julson v. Paul Smith Las Vegas, Inc.*, 2013 WL 1752897 (D. Nev. Apr. 23, 2013), *citing Issaquah School District No.* 411, 470 F.3d at 1293 (citation omitted). Plaintiff will be given the opportunity to cure the error in service or request

---

[2] Information concerning the registered agent of corporations doing business in Nevada is available on the Nevada Secretary of State's website.

waiver of service pursuant to Fed.R.Civ.P. 4(d).

Having determined to quash service, the next question is whether to extend the time to accomplish service under Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court finds that an extension of time to effectuate service is appropriate. The Plaintiff shall have until June 10, 2013 to effectuate service. The Plaintiff is further advised that failure to effectuate proper service may result in a recommendation that the case against Loop Capital Markets LLC be dismissed with prejudice.

## **CONCLUSION**

Based on the foregoing, and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Defendant Loop Capital Markets LLC's Motion to Quash Service and Dismiss the Complaint (#10) is **granted in part and denied in part**. Service of the summons and complaint on Defendant Loop Capital Markets LLC is quashed pursuant to Rule 12(b)(5).

DATED this __8th__ day of May, 2013

_____
NANCY J. KOPPE
United States Magistrate Judge