UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESUS B. TORRES, | ) |
| Plaintiff, | ) Case No.: 2:13-cv-00363-GMN-NJK |
| vs. | ) |
| | ) **ORDER** |
| DEUTSCHE BANK, AG; LOOP CAPITAL MARKETS, LLP; and WELLS FARGO BANK, | ) |
| Defendants. | ) |

Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). Plaintiff Jesus B. Torres filed a Response (ECF No. 14) and Wells Fargo filed a Reply (ECF No. 16).

## I.  BACKGROUND

This action was originally filed in state court and was removed to this Court on March 5, 2013. (ECF No. 1.) Plaintiff's claims for intentional and negligent misrepresentation arise out of the March 2009 Deed of Trust on the property located at 2432 North Gateway Road, #C, Las Vegas, NV, 89115, APN #: 140-18-810-039 ("the property"). (Compl., ECF No. 1.)

The Deed of Trust was executed by Plaintiff and his wife in March 2009, securing a loan from Freedom Mortgage Corporation ("Freedom Mortgage"). (Deed of Trust, #90323001628, ECF No. 7-2.) North American Title Company was Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") was beneficiary solely as nominee for the Lender. (*Id.*)

In October 2009, on behalf of Freedom Mortgage, MERS substituted T.D. Service Company as Trustee in place of North American Title Company. (Substitution of Trustee, ECF No. 7-3.)  In 2011, Freedom Mortgage, through LoanCare, acting as attorney in fact, substituted

the Cooper Castle Law Firm, LLP, as Trustee. (2011 Substitution of Trustee, ECF No. 7-5.)

II.     **LEGAL STANDARD**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Rule 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008).  Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).  Mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), the Court

will view Plaintiff's pleadings with the appropriate degree of leniency.

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

### III.  DISCUSSION

In his Complaint, Plaintiff refers to "Nevada and Federal statutes for intentional misrepresentation and negligent misrepresentation." (Compl., 2:¶3.) He also refers to the

securitization of his mortgage loan, and names "Deutsche Bank AG" and "Loop Capital Markets LLP" as the beneficiaries of the securitization, and "Wells Fargo Bank" as the Trustee. (Compl., 2:¶4(2). He claims that he "had a justified reliance on truthfulness of ownership and proper assignments which was misrepresented by defendant's account of ownership beneficiary through endorsements, assignments, and Notice of Default," and that he "has directly suffered loss of income and deformation of character as a result of the intentional misrepresentation orchestrated by the defendants." (Compl., 2:¶4(4)-(5).) Plaintiff does not allege that foreclosure proceedings have begun, but instead refers to "any foreclosure procedure of said property during this litigation process." (Compl., 2:¶5.)

To state a claim for fraud or intentional misrepresentation, a plaintiff must allege three factors: (1) a false representation by the defendant that is made with either knowledge or belief that it is false or without sufficient foundation; (2) an intent to induce another's reliance; and (3) damages that result from this reliance. *See Nelson v. Heer*, 163 P.3d 420, 426 (Nev. 2007). A claim of "fraud or mistake" must be alleged "with particularity." Fed. R. Civ. P. 9(b). A complaint alleging fraud or mistake must include allegations of the time, place, and specific content of the alleged false representations and the identities of the parties involved. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*.

Here, even construing material facts in Plaintiff's favor, the Court cannot find that Plaintiff has sufficiently stated his claims so as to give Defendants fair notice of a legally cognizable claim and the grounds on which it rests; and he has not provided sufficient factual basis to show that a violation is plausible, and not merely possible. To the extent that Plaintiff is alleging violations as a result of the securitization of his mortgage loan, Plaintiff has not alleged

1  facts showing that a violation is plausible.  The Court takes judicial notice of the publicly
2  recorded documents referenced in Plaintiff's Complaint as well as in Wells Fargo's Request for
3  Judicial Notice, and finds that these documents also provide no factual basis supporting
4  Plaintiff's claims.[1]

5        The Court will permit Plaintiff to amend his Complaint so as to cure these deficiencies.
6  However, failure to timely cure the deficiencies described above will result in dismissal of this
7  action with prejudice.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff shall have until **July 15, 2013**, to file an amended complaint curing the deficiencies described above.  **Failure to do so by this deadline will result in dismissal of this action with prejudice.**

**DATED** this 2nd day of July, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[1] The Court recognizes that confusion may have resulted from the April 2009 Substitution of Trustee and Deed of Reconveyance that was executed, relating to a different Deed of Trust on the property from 2008. (April 2009 Substitution of Trustee, ECF No. 7-6.)  In 2011, on behalf of Freedom Mortgage, MERS assigned and transferred the beneficial interest in the Deed of Trust to Freedom Mortgage, possibly as a result of this confusion. (Assignment, ECF No. 7-5.)  However, these documents show no violations on the part of Defendants.