**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jesus B. Torres,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　　)　　Case No.: 2:13-cv-00363-GMN-NJK
　　vs.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　**ORDER**
Deutsche Bank, AG; Loop Capital Markets,　)
LLP; and Wells Fargo Bank,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)

Pending before the Court is the Motion to Reconsider (ECF No. 30) filed by Plaintiff Jesus B. Torres, to which Defendant Wells Fargo Bank, N.A. ("Wells Fargo") has filed an Response (ECF No. 31).  Plaintiff did not file a Reply, and the deadline to do so has expired.

**I.　BACKGROUND**

Proceeding *pro se*, Plaintiff filed his Complaint in early 2013, and Wells Fargo removed the action to this Court on March 5, 2013. (ECF No. 1.)  Wells Fargo then filed a Motion to Dismiss (ECF No. 6) that was granted by the Court on July 2, 2013, with leave to amend by July 15, 2013. (ECF No. 25.)  In its Order, the Court warned Plaintiff that failure to do so by the deadline would result in dismissal of the action with prejudice. (*Id*.)  Plaintiff failed to file an amended Complaint or to take any other action within the deadline set by the Court, and on July 19, 2013, the Court dismissed the action with prejudice (ECF No. 26) and the Clerk entered judgment accordingly (ECF No. 27), closing the case.

Three months later, Plaintiff filed the instant Motion to Reconsider (ECF No. 30) along with a Notice of Appearance by counsel (ECF No. 29).  Plaintiff requests that the Court reconsider its Order, reopen the case, and permit Plaintiff to file an amended complaint, or in the alternative, to amend the judgment to reflect dismissal without prejudice. (*Id*.)

## II. LEGAL STANDARD

Rule 59 of the Federal Rules of Civil Procedure governs motions for a new trial, as well as motions to alter or amend a judgment in certain cases where summary judgment has been granted. Fed. R. Civ. P. 59; *see School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994).

Rule 60 of the Federal Rules of Civil Procedure provides a standard by which the Court might reconsider its Order. This rule, governing relief from a judgment or order, provides in part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Ninth Circuit has distilled the grounds for reconsideration into three primary categories: (1) newly discovered evidence; (2) the need to correct clear error or prevent manifest injustice; and (3) an intervening change in controlling law. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

### III. DISCUSSION

As discussed by Wells Fargo in its Response (ECF No. 31), Plaintiff presents no grounds for relief from the Court's Order and final Judgment. Plaintiff appears to base his request on the grounds of "mistake, inadvertence, surprise, or excusable neglect," or "the need to correct clear error or prevent manifest injustice." (*See* Mot. Reconsider, ECF No. 30.) However, the Court finds no such cause to reconsider its decision, particularly where Plaintiff himself chose to proceed *pro se* with his claims against Defendants in bringing the action, and in the months during which Defendants defended themselves against Plaintiff's claims. Also, despite the Court's finding that Plaintiff had failed to bring any causes of action upon which relief could be granted, the Court gave Plaintiff an additional opportunity to file an amended pleading, so as to cure these deficiencies. Plaintiff did not indicate that he sought additional time in which to file an amended pleading, and the Court now finds no basis on which to reconsider its final ruling dismissing the case with prejudice. Accordingly, Plaintiff's motion will be denied and the case will remain closed.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider (ECF No. 30) is **DENIED**.

**DATED** this 18th day of July, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Court